Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

PAUL ALSTON                        1126
WILLIAM S. HUNT                    1259
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:    palston@ahfi.com
           whunt@ahfi.com

Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| INDYMAC VENTURE, LLC, | Case No. _____ |
| Plaintiff, | **COMPLAINT; SUMMONS** |
| vs. | |
| LEU OKUDA & DOI, ATTORNEYS AT LAW, | |
| Defendant. | |

### COMPLAINT

Plaintiff  INDYMAC VENTURE, LLC ("Plaintiff") by and through

its counsel, Alston Hunt Floyd & Ing, alleges as follows:

## PARTIES

1.      Plaintiff  is a Delaware limited liability company with its principal place of business in Pasadena, California, and was at all relevant times the owner of the note and mortgage (the "Mortgage") that secured a loan (the "Loan") to Mr. Richard Charles Hilliard and Ms. Patricia Dian Hilliard (the "Hilliards") for that certain property located at 230 Keoawa Street, Lahaina, Hawai`i (the "Property").  Plaintiff is a Delaware limited liability company.  It is wholly owned by OneWest Ventures Holdings LLC, a Delaware limited liability company, which is wholly owned by OneWest Bank N.A., which has its principal place of business in California.  Therefore, Plaintiff is a citizen of California.

2.      Defendant LEU OKUDA & DOI ("Defendant") is, and at all relevant times was, a partnership with its principal place of business in Honolulu, Hawai`i.  Defendant is a citizen of Hawai`i.

3.      The amount in controversy, without interest and costs far exceeds $75,000.

## FACTUAL ALLEGATIONS

4.      This is an action for professional malpractice.  Plaintiff retained Defendant to foreclose on the Mortgage due to the Hilliards' failure to pay on the Loan.

5.     On June 29, 2011, on Plaintiff's behalf, Defendant filed a foreclosure action in the Circuit Court for the Second Circuit, State of Hawai`i (the "Foreclosure").  At that time, the outstanding principal balance on the Loan was in excess of $4,390,000.00.

6.     On October 31, 2011, a default was entered against the Hilliards for failure to plead or defend in the action.

7.     On December 23, 2011, on Plaintiff's behalf, Defendant filed a Motion for Summary Judgment and For Interlocutory Decree of Foreclosure Against All Parties ("MSJ") .

8.     On March 16, 2012, the Circuit Court granted Plaintiff's MSJ and appointed a Commissioner to sell the Property.  An auction was set for May 8, 2012.

9.     On or about May 7, 2012, Plaintiff provided written bid instructions to Defendant for the upcoming auction and the subsequent Confirmation Hearing which instructions directed Defendant to initially bid $854,785.00, and, if there were competing bids, to incrementally increase Plaintiff's bid to a maximum bid of $4,130,340.00.

10.    On May 8, 2012, the Commissioner held a public auction for the sale of the Property.

11.     At the public auction, on Plaintiff's behalf, Defendant submitted a bid of $854,785.00; Plaintiff was the only bidder and this was the only bid.

12.     On May 15, 2012 the Commissioner filed his report concerning the foreclosure auction.  The Commissioner's report stated that the most recent tax assessed value of the Property was $3,979,200.00.

13.     On May 31, 2012, on Plaintiff's behalf, Defendant filed a Motion for Confirmation of Sale, Distribution of Proceeds, and for Writ of Ejectment.

14.     The Circuit Court held a hearing on Plaintiff's Confirmation Motion on August 21, 2012, Plaintiff was represented at the hearing by Defendant's employee, attorney Anya Perez ("Perez").  At all relevant times Perez was acting within the course and scope of her employment in representing Plaintiff.  At the Confirmation Hearing, two third parties requested that bidding on the Property be reopened.  After bidding was reopened, one of those third parties, Mr. Gary Passon ("Passon") submitted a bid to purchase the Property for $1,005,000.00.

15.     The Commissioner gave Perez the opportunity to bid more than $1,005,000, but she failed to do so, despite Plaintiff's instructions to not accept a third party bid of less than $4,130,340  for release of its lien.  Because Perez

misunderstood, and thus failed to follow Plaintiff's instructions, Passon's bid was the highest one made during the reopened auction.

16.    After the bidding was closed and one of the third parties left the court, Perez talked with Mr. Gary Okuda, one of the lead attorneys in Defendant's firm representing Plaintiff.  Mr. Okuda corrected Perez's misunderstanding, explaining to her that Plaintiff's bid instructions required Defendant to bid up to an amount that was significantly higher than Passon's $1,005,000.00 high bid amount. Shortly thereafter, the Commissioner reported to the Court that Passon had been the successful high bidder.

17.    Perez then asked the Court to reopen the bidding.

18.    Perez failed to inform the Court why she had not bid in the just-completed auction and failed to explain that Plaintiff had, before the auction began, directed Defendant to bid more than Passon's bid.

19.    After hearing from the Commissioner, Passon, and Perez, the Court denied the request to reopen the bidding and confirmed the sale to Passon at $1,005,000.  An order confirming the sale to Passon was entered on September 17, 2012 (the "Confirmation Order").

20.    Plaintiff (through its new counsel), timely moved for reconsideration of the Confirmation Order.  That motion was denied in an order entered on December 3, 2012.  On June 14, 2013, the Court entered judgment

against Plaintiff and in favor of Passon.  Subsequently, the Court granted

Plaintiff's motion to stay the sale pending an appeal.

21.    On July 1, 2013, Plaintiff timely filed a Notice of Appeal from

the Judgment and the Court's earlier orders.

### FIRST CLAIM FOR RELIEF
### Negligence and Professional Malpractice

22.    The allegations of paragraphs 1-21 are incorporated herein as if

fully set forth.

23.    Defendant's failure to follow the instructions of Plaintiff to

overbid any competing bid was negligent and fell below the standard of care of a

reasonable and prudent attorney and such negligence was a proximate cause of

damages suffered by Plaintiff in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
### Breach of Contract

24.    The allegations of paragraphs 1-21 and 23 are incorporated

herein as if fully set forth.

25.    Plaintiff and Defendant had an express or implied contract

under which Defendant agreed to provide competent legal services and follow

Plaintiff's instructions regarding the foreclosure auction.

26.    By the acts and omissions described above, Defendant

materially breached its contract duties and caused Plaintiff  damages, including

legal fees associated with its efforts (through new counsel) to set aside the auction.

27.     Plaintiff is therefore entitled to damages, including attorneys' fees and costs, resulting from Defendant's breach of contract.

**THIRD CLAIM FOR RELIEF**
**Breach of Fiduciary Duties**

28.     The allegations of paragraphs 1-21, 23 and 25-27 are incorporated herein as if fully set forth.

29.     Defendant owed fiduciary duties to Plaintiff as a result of the attorney-client relationship between the parties.

30.     Defendant breached its fiduciary duty to provide competent professional representation by negligently performing work on Plaintiff's behalf, as more fully set forth above.

31.     Plaintiff suffered damages, including legal fees and costs, as a proximate result of Defendant's breaches of its fiduciary duty.

32.     Defendant is therefore liable to Plaintiff for damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays this Court to enter judgment in its favor as follows:

1.     For general and special damages according to proof at trial;

2.      For attorneys' fees, costs and interest, and expenses; and

3.      For any other relief that the Court may deem just and equitable.

DATED:  Honolulu, Hawai`i, June 6, 2014.


        /s/ William S. Hunt
PAUL ALSTON
WILLIAM S. HUNT

Attorneys for Plaintiff