IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| INDYMAC VENTURE, LLC, | ) | CIV. NO. 14-00263 BMK |
|---|---|---|
| Plaintiff, | ) ) | ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY |
| vs. | ) ) | |
| LEU OKUDA & DOI, ATTORNEYS AT LAW, | ) ) ) | |
| Defendant. | ) ) ) ) ) | |

ORDER DENYING DEFENDANT'S MOTION TO DISMISS
COMPLAINT AND PLAINTIFF'S MOTION FOR PARTIAL
<u>SUMMARY JUDGMENT ON LIABILITY</u>

Before the Court are (1) Defendant Leu Okuda & Doi, Attorneys at Law's Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) (Doc. 9) and (2) Plaintiff Indymac Venture, LLC's Motion for Partial Summary Judgment on Liability (Doc. 15). The Court heard these Motions on November 21, 2014. After careful consideration of the Motions, the supporting and opposing memoranda, and the arguments of counsel, the Court DENIES both Motions.

## FACTUAL BACKGROUND

Plaintiff Indymac Venture was the owner of a note and mortgage that secured a loan on property that was in default. (Complaint ¶¶ 1, 4.) Plaintiff retained Defendant Leu Okuda & Doi to foreclose on the mortgage, and Defendant filed a foreclosure action in state court in June 2011. (Id. ¶¶ 4-5.) On March 16, 2012, the state court granted Plaintiff's motion for summary judgment and appointed a commissioner to sell the property. (Id. ¶ 8.) An auction was set for May 8, 2012. (Id. ¶ 8.)

Plaintiff provided written instructions to Defendant for bidding at the auction. (Id. ¶ 9; Doc. 16 at Ex. C.) The instructions directed Defendant to initially bid $854,785 and, if there were competing bids, to incrementally increase Plaintiff's bid to a maximum amount of $4,130,340. (Complaint ¶ 9; Doc. 16 at Ex. C.) At the public auction, on Plaintiff's behalf, Defendant submitted a bid of $854,785. (Complaint ¶ 11.) Plaintiff was the only bidder and that was the only bid. (Id.)

On August 21, 2012, the state court held a confirmation hearing. (Id. ¶ 14.) Defendant's employee, attorney Anya Perez, was present. (Id.) At the hearing, two third-parties requested that the bidding be reopened. (Id.) The court reopened the bidding and Gary Passon submitted a bid to purchase the property for

$1,005,000. (Id.) Although the commissioner gave Perez the opportunity to bid, she did not do so, despite Plaintiff's instructions to bid up to $4,130,340. (Id. ¶ 15.) Passon's bid was the highest one made during the reopened auction. (Id.)

After the bidding closed, Perez talked to Gary Okuda, one of the lead attorneys in Defendant's firm. (Complaint ¶ 16.) Okuda corrected Perez's misunderstanding, explaining to her that Plaintiff's bid instructions required her to outbid Passon's bid amount. (Id.) Perez then asked the court to reopen the biding, but it denied her request and confirmed the sale to Passon at $1,005,000.00. (Id. ¶¶ 14-18.)

Plaintiff hired new counsel, who moved to reconsider the sale confirmation. (Id. ¶ 20.) The state court denied that request and entered judgment in favor of Passon. (Id.) The court, however, granted Plaintiff's motion to stay the sale pending appeal. (Id.) The foreclosure action is currently pending before the Hawaii Intermediate Court of Appeals.

On June 6, 2014, Plaintiff filed this malpractice action against Defendant. Plaintiff brings claims for negligence and professional malpractice, breach of contract, and breach of fiduciary duties. (Id. ¶¶ 22-32.)

## DISCUSSION

I.   Defendant's Motion to Dismiss

Defendant argues that this Court "lacks subject matter jurisdiction because Plaintiff has not met the jurisdictional requirement of justiciability." (Motion to Dismiss at 14.) Defendant contends that this case is "premature" because the "legal malpractice claim has not yet accrued" since the underlying foreclosure action is on appeal and "Plaintiff's alleged damages are speculative." (Id. at 14-15, 20.)

"The ripeness doctrine seeks to identify those matters that are premature for judicial review because the injury at issue is speculative, or may never occur." Protectmarriage.com-Yes on 8 v. Bowen, 752 F.3d 827, 838 (9th Cir. 2014). Defendant contends that Plaintiff's legal malpractice claim is not ripe because Plaintiff's damages are merely speculative until the foreclosure action on appeal in state court is fully resolved. Plaintiff responds that its legal malpractice claim is ripe because it has already incurred more than $160,000 in attorney's fees as a result of Defendant's alleged malpractice. Although Plaintiff agrees that "[m]ore damages will be incurred in the future," it argues that "there can be no dispute that some damage has already been done." (Plaintiff Opp. at 14.)

Other federal courts have held that a legal malpractice claim is ripe when a party has incurred attorney's fees as a result of the attorney's alleged malpractice, even when the underlying action is still ongoing. For example, in New

Falls Corp. v. Lerner, Civ. No. 3:05-1716 SRU, 2006 WL 2801459 (D. Conn. Sept. 28, 2006), the court held that, where a plaintiff has already suffered damages in the form of attorney's fees incurred in remedying alleged legal malpractice, a claim of legal malpractice is ripe for jurisdictional purposes. In that case, the defendant attorney represented the plaintiff in an underlying action against lessees who defaulted on an equipment lease. Id. at *1. The attorney obtained a $500,000 attachment against the lessees' real property, but allegedly failed to perfect the attachment. Id. In the meantime, the real property was sold in bankruptcy court. Id. The bankruptcy trustee then sued the plaintiff to void the unperfected attachment. Id.

While the trustee's action was pending, the plaintiff sued his attorney for legal practice for failing to perfect the attachment. Id. The attorney argued that the legal malpractice claim was not ripe because the "elements of causation and damages . . . are contingent upon the outcome of the underlying adversary proceeding in bankruptcy," which was still pending. Id. The district court noted "the rule which proscribes the recovery of uncertain speculative damages applies where the fact of damages is uncertain, not where the amount is uncertain." Id. at *2. The court also stated that, in "legal malpractice actions, clients' damages include the cost of additional litigation in order to recover on their original claim."

5

Id. Thus, because the plaintiff "claim[ed] to have already spent the money to remedy [the attorney's] alleged malpractice," the court found that the "plaintiff has already allegedly suffered a certain and compensable injury." Id. Thus, the court concluded, in light of the attorney's fees already incurred to remedy the attorney's alleged malpractice, the plaintiff's claim was ripe for adjudication even though the underlying bankruptcy action was still pending.

Similarly, in In re Street, 283 B.R. 775, 777 (Bankr. D. Ariz. 2002), a husband and wife separated after purchasing a home together. As part of the settlement, the wife issued a promissory note on the house to the husband, but her attorney failed to properly prepare and record the deed of trust. Id. The wife later refinanced the home, which left no remaining equity for the husband's promissory note. Id. After the wife filed for bankruptcy and the husband realized his interest in the property was unsecured, he filed an adversary proceeding to prevent the discharge of his debt. Id.

The wife filed a legal malpractice claim against the attorney for failing to prepare and record the deed of trust. Id. The defendant attorney argued that the wife's legal malpractice claim against him was not ripe because "her damages are speculative and contingent upon the outcome of [the husband's] adversary proceeding, because she may prevail and suffer no damages from [the attorney's]

6

malpractice." Id at 778. The court disagreed, noting that the underlying litigation need not be concluded before a legal malpractice claim accrues; rather, all that is required is "that some damage have accrued as a result of the negligence, and that such damage be certain and essentially irrevocable." Id. Because the wife "incurred, and is incurring" attorney's fees in defending against the husband's adversary proceeding and those fees were "certain," the court concluded that the wife's legal malpractice claim was "sufficiently ripe for the Court to exercise jurisdiction." Id. at 779.

More recently, in Schaeffer v. Kessler, Civ. No. 12-8576 PKC, 2013 WL 1155587, at *1 (S.D.N.Y. March 20, 2013), the plaintiff filed claims for fraud and legal malpractice against his former attorney based on fraudulent contracts drafted by the attorney. The attorney filed an action in state court, seeking to enforce the allegedly fraudulent contracts, and argued that the malpractice claim in federal court should be stayed while the state court action was pending. Id. at *3, 11. The district court disagreed, holding that "the legal malpractice claim against him is ripe for adjudication, even if not all of the possible damages resulting from his alleged malpractice have materialized." Id. at *11. The court concluded that the plaintiff "suffered a concrete harm in that [he] has been forced to defend the State Court Action; that is sufficient for ripeness." Id.

7

The foregoing cases suggest that a legal malpractice claim is ripe where a party has already incurred attorney's fees as a result of the attorney's alleged malpractice, even if the underlying action is ongoing. In this case, prior to filing this action, Plaintiff had already "incurred $163,398.70 in attorneys' fees, tax, and costs payable to [their new counsel] for its work in attempting to correct Defendant's mistake in the underlying foreclosure action." (Caldwell Decl'n ¶ 6.) These incurred fees are "certain and essentially irrevocable" damages. Street, 283 B.R. at 779; New Falls Corp., 2006 WL 2801459, at *2 (in "legal malpractice actions, clients' damages include the cost of additional litigation in order to recover on their original claim"). Although the full extent of Plaintiff's damages are not yet known because the state court appeal is still pending, Plaintiff's legal malpractice claim is ripe. Schaeffer, 2013 WL 1155587, at *11 ("the legal malpractice claim . . . is ripe for adjudication, even if not all of the possible damages resulting from [the] alleged malpractice have materialized"); New Falls Corp., 2006 WL 2801459, at *2 ("the rule which proscribes the recovery of uncertain speculative damages applies where the fact of damages is uncertain, not where the amount is certain"). The Court therefore rejects Defendant's arguments that Plaintiff's legal malpractice claim is premature and lacks justiciability and, accordingly, DENIES Defendant's Motion to Dismiss.

II. Plaintiff's Motion for Partial Summary Judgment

Plaintiff moves for summary judgment on liability, arguing "there is no genuine issue of material fact that Defendant committed legal malpractice." (MSJ at 15.) Plaintiff argues that, because attorney Anya Perez admitted to her bidding mistake, "there are no disputed facts regarding Defendant's malpractice." (Id. at 15.)

"The elements of an action for legal malpractice are: (1) the parties had an attorney-client relationship, (2) the defendant committed a negligent act or omission constituting breach of that duty, (3) there is a causal connection between the breach and the plaintiff's injury, and (4) the plaintiff suffered actual loss or damages." Thomas v. Kidani, 267 P.3d 1230, 1234 (Haw. 2011).

With respect to the attorney's negligence or breach of duty, the Hawaii Supreme Court "observe[d] that the general rule with respect to the liability of an attorney for failure to properly perform his duties to his client is that the attorney, by accepting to give legal advice or to render other legal services, impliedly agrees to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake." Blair v. Ing, 21 P.3d 452, 464 (Haw. 2001) (alterations omitted) (noting an attorney's duty is "to use such skill, prudence, and diligence as lawyers of

9

ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake"). However, "[a]n attorney cannot be held liable for every mistake made in his or her practice." Id. "Such a blanket duty . . . would result in a speculative and almost intolerable burden on the legal profession." Id.

As to Defendant's alleged negligence or breach of duty, Plaintiff argues that, because Anya Perez "already admitted her mistake under oath," there are "no disputed facts regarding Defendant's malpractice in the foreclosure action." (MSJ at 15.) In her declaration Perez states that, during the reopened bidding, she "misunderstood Plaintiff's Bid Instructions and attempted to reach Gary Okuda . . . to seek further clarification." (Perez Decl'n ¶ 5.) Okuda was unavailable until after the bidding closed, at which time he explained that she should have outbid Gary Passon's bid. (Id. ¶¶ 6-7.)

There is no dispute that Perez misunderstood Plaintiff's bid instructions and made a mistake. (Perez Decl'n ¶¶ 5-7.) In fact, at the hearing on these Motions, defense counsel agreed that Perez made a "non-prejudicial error." However, the evidence before the Court does not establish that her mistake breached the standard of care she and Defendant owed to Plaintiff. Indeed, "[a]n attorney cannot be held liable for every mistake made in his or her practice." Blair, 21 P.3d at 464. Thus, because Plaintiff fails to show at this very early stage of the litigation

that Defendant "committed a negligent act or omission constituting breach of [its] duty," Plaintiff has not met its burden for summary judgment on liability for the legal malpractice claim.[1]  Thomas, 267 P.3d at 1234.

## CONCLUSION

For the foregoing reasons, the Court the Court DENIES Defendant's Motion to Dismiss (Doc. 9) and Plaintiff's Motion for Summary Judgment on Liability (Doc. 15).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 19, 2014



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Indymac Venture, LLC v. Leu Okuda & Doi, Attorneys At Law, CIV. NO. 14-00263 BMK, ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY.

---

[1] Defendant challenges the causation element of Plaintiff's legal malpractice claim, arguing that Plaintiff cannot establish proximate cause in light of the state court's alleged judicial error. This Court need not reach that issue in light of its holding that Plaintiff is not entitled to summary judgment on the standard of care element of the legal malpractice claim.