IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| INDYMAC VENTURE, LLC, | ) | CIV. NO. 14-00263 BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR |
| v. | ) | RECONSIDERATION |
| | ) | |
| LEU OKUDA & DOI, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff Indymac Venture, LLC's ("Plaintiff") Motion for Reconsideration ("Motion"). (Doc. 38.) Plaintiff brings its Motion pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 7 and 60, and Rule 60.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"), and requests the Court to reconsider its Order Denying Defendant's Motion to Dismiss Complaint and Plaintiff's Motion for Partial Summary Judgment on Liability, filed on December 19, 2014 (Doc. 35). On January 22, 2015, Defendant filed its Memorandum in Opposition, and on February 6, 2015, Plaintiff filed its Reply. (Docs. 42, 46.) The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d). After careful consideration of the Motion, as well as the supporting and opposing papers, the Court DENIES Plaintiff's Motion for Reconsideration.

1

# BACKGROUND

Plaintiff was the owner of a note and mortgage that secured a loan on property that was in default. (Doc. 35 at 2.) Plaintiff retained Defendant to foreclose on the mortgage, and Defendant filed a foreclosure action in state court in June 2011. (Id.) On March 16, 2012, the state court granted Plaintiff's motion for summary judgment and appointed a commissioner to sell the property. (Id.) An auction was set for May 8, 2012. (Id.)

Plaintiff provided written instructions to Defendant for bidding at the auction, directing Defendant to initially bid $854,785 and, if there were competing bids, to incrementally increase Plaintiff's bid to a maximum amount of $4,130,340. (Id.) At the auction, Defendant's Employee ("Employee") submitted a bid of $854,785 on behalf of Plaintiff. (Id.) Plaintiff was the only bidder, and Employee's bid of $854,785 on behalf of Plaintiff was the only bid submitted. (Id.)

On August 21, 2012, the state court held a confirmation hearing; Employee was present at the hearing. (Id.) At the confirmation hearing, two third-parties requested that the bidding be reopened. (Id.) The court reopened the bidding, and a bid to purchase the property for $1,005,000 was submitted. (Id. at 2-3.) Employee was given the opportunity to bid but, despite Plaintiff's instructions to bid up to $4,130,340, Employee did not do so. (Id. at 3.) After the

bidding closed, Gary Okuda, one of the lead attorneys in Defendant's firm, corrected Employee's misunderstanding of the bidding instructions. (Id.) Employee then asked the court to reopen the biding, but the court denied her request and confirmed the sale of the property at a purchase price of $1,005,000. (Id.)

Plaintiff hired new counsel, who moved to reconsider the confirmation of sale. (Id.) The state court denied Plaintiff's request and entered Judgment. (Id.) The court, however, granted Plaintiff's motion to stay the sale pending appeal. (Id.) The foreclosure action is currently pending before the Hawaii Intermediate Court of Appeals. (Id.)

On June 6, 2014, Plaintiff filed a malpractice action against Defendant in this Court, bringing claims for negligence and professional malpractice, breach of contract, and breach of fiduciary duties. (Id.) On June 30, 2014, Defendant filed a Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction because the underlying foreclosure action is pending in state court, and therefore, Plaintiff's legal malpractice action against Defendant is premature. (Doc. 9-2 at 3.)

On August 5, 2014, Plaintiff filed an opposition to Defendant's motion to dismiss and a counter-motion for partial summary judgment on the issue of liability on each of its claims. (Doc. 15 at 20.) Plaintiff maintained that it was entitled to summary judgment as to liability "because Defendant has conceded that

3

it committed malpractice in the court filings in the underlying foreclosure action." (Doc. 15 at 20-22.) Plaintiff further maintained that Defendant breached its contractual duties "by failing to provide adequate legal services in the form of someone who understood and properly implemented the bid instructions." (Doc. 15 at 21-22.) Plaintiff similarly argued that Defendant breached its fiduciary duty to Plaintiff by failing to provide competent representation, and "by grossly underbidding at the confirmation hearing." (Doc. 15 at 22.) Plaintiff offered no further support or argument regarding its claim that it is entitled to summary judgment on the issue of liability. (See Doc. 15 at 20-22.) Thus, the basis of Plaintiff's breach of contract and breach of fiduciary duty claims was Defendant's failure to provide adequate legal services, i.e., that Defendant committed legal malpractice. (See Doc. 15 at 20-22.)

On December 19, 2014, this Court issued its "Order Denying Defendant's Motion to Dismiss Complaint and Plaintiff's Motion for Partial Summary Judgment on Liability." (Doc. 35.) With regard to Plaintiff's counter-motion for partial summary judgment, this Court found that the evidence before the Court did not establish that Employee's mistake in bidding breached the standard of care Employee and Defendant owed to Plaintiff. (Doc. 35 at 10.) Accordingly, this Court found that Plaintiff failed to show, at that early stage of the litigation, that Defendant committed a negligent act or omission constituting breach of its

4

duties to Plaintiff. (Doc. 35 at 10-11.) This Court therefore held that Plaintiff failed to meet its burden for summary judgment "on liability for the legal malpractice claim." (Id.)

On January 2, 2015, Plaintiff filed the Motion for Reconsideration currently before this Court. (Doc. 38.) Plaintiff requests that this Court reconsider its December 19, 2014 Order denying Plaintiff's counter-motion for partial summary judgment and grant Plaintiff summary judgment against Defendant on Plaintiff's breach of contract and breach of fiduciary duty claims. (Doc. 38 at 2.) Plaintiff claims that reconsideration is warranted "because the Court's order did not address or rule upon Plaintiff's claims for breach of contract and breach of fiduciary duty[.]" (Doc. 38-1 at 1.) In its Motion for Reconsideration, Plaintiff argues, for the first time, that Defendant's malpractice is not relevant to the claims for breach of contract and breach of fiduciary duty because Defendant breached these duties "as a matter of law[.]" (Doc. 38-1 at 2.) Specifically, Plaintiff argues that Defendant "breached the contractual attorney-client relationship as a matter of law by failing to follow Plaintiff's bid instructions and competently represent Plaintiff[.]" (Doc. 38-1 at 5.) Plaintiff further argues that Defendant owed Plaintiff duties of loyalty and care, as well as a fiduciary duty to obey all reasonable instructions from Plaintiff, and that Defendant breached these duties by failing to follow Plaintiff's bidding instructions. (Doc. 38-1 at 6.) Therefore,

5

Plaintiff maintains, Defendant breached its fiduciary duties to Plaintiff independent of any negligence on its part. (Id.)

On January 9, 2015, the Court found this matter suitable for disposition without a hearing, pursuant to Local Rule 7.2(d). (Doc. 40.) On January 22, 2015, Defendant filed its Opposition to Plaintiff's Motion for Reconsideration, arguing that Plaintiff fails to meet the standard for reconsideration. (Doc. 42.) On February 6, 2015, Plaintiff filed its Reply. (Doc. 46.) For the reasons discussed below, this Court DENIES Plaintiff's Motion for Reconsideration.

## **STANDARD**

Although Plaintiff does not specify which subsection of FRCP Rule 60 it relies on in its Motion, inasmuch as Plaintiff maintains that reconsideration is warranted because the Court's Order did not address or rule upon Plaintiff's claims for breach of contract and breach of fiduciary duty, (Doc. 38-1 at 1), the Court finds that Plaintiff's reconsideration motion is properly before the Court pursuant to FRCP Rule 60(b)(1).[1]  FRCP Rule 60 may be used to reconsider legal issues, and Rule 60(b)(1) specifically provides that the court may relieve a party from an order for reasons of its own mistake or inadvertence. See Kingvision Pay–Per–View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999).

---

[1] FRCP Rule 60(b)(1) provides that the court may relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect[.]"

6

It is well settled in the Ninth Circuit that a successful motion for reconsideration must accomplish two goals. Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999). First, the motion must demonstrate some reason why the court should reconsider its prior decision. Id. (citation omitted). Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Id. (citation omitted). "Mere disagreement with a previous order is an insufficient basis for reconsideration[,]" and reconsideration "may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." Hawaii Stevedores, Inc. v. HT&T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005); see also Penaflor v. Thomas, Civ. No. 12-00050 LEK-BMK, 2012 WL 2685096, at *2 (D. Haw. July 6, 2012) ("[R]econsideration is not a vehicle by which an unsuccessful party is permitted to . . . raise arguments or present evidence that could have been raised previously.") (citation omitted). Courts have established only three grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice." Na Mamo O 'Aha 'Ino, 60 F. Supp. 2d at 1059. The District of Hawaii has implemented these standards in Local Rule 60.1. Id.; see also Local Rule 60.1. Whether or not to grant reconsideration is committed to the sound discretion of the court. Navajo Nation v.

Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). There is a compelling interest in the finality of judgments, which should not lightly be disregarded. Na Mamo O 'Aha 'Ino, 60 F. Supp. 2d at 1059 (citation omitted); see also Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (holding that relief under FRCP Rule 60 should be granted "sparingly as an equitable remedy to prevent manifest injustice" and is to be utilized "only where extraordinary circumstances prevent a party from taking timely action to prevent or correct an erroneous judgment") (citation and internal quotation marks omitted).

## DISCUSSION

Plaintiff maintains that reconsideration is warranted because the Court's December 19, 2014 Order did not address or rule upon Plaintiff's claims for breach of contract and breach of fiduciary duty. (Doc. 38-1 at 1.) Plaintiff's motion, however, does not raise any new evidence, nor does it allege an intervening change in controlling law. Instead, Plaintiff asserts only that the Court's failure to address its breach of contract and breach of fiduciary duty claims is "a manifest error of law[.]" (Doc. 46 at 12.) Plaintiff's Motion for Reconsideration also contains new legal theories regarding Defendant's contractual and fiduciary duties, found in Hawaii case law, which was available to Plaintiffs at the time it filed its counter-motion for partial summary judgment.

With regard to the new legal theories advanced by Plaintiff's Motion

for Reconsideration, Plaintiff argues that Defendant breached its contractual and fiduciary duties as a matter of law for failing to comply with Plaintiff's bidding instructions, independent of any legal malpractice claim. Such an argument is a new legal theory that Plaintiff could have raised with respect to the underlying counter-motion for partial summary judgment, and as such, it is not properly raised in a motion for reconsideration. See Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (holding that it is improper to present new legal theories in a motion for reconsideration for the first time when they could reasonably have been raised earlier in the litigation) (citation omitted). A motion for reconsideration is not a proper mechanism for presenting new legal theories that the movant failed to raise with respect to the underlying motion for summary judgment. Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1154 (D. Haw. 2003). In failing to raise this argument at summary judgment, Plaintiff waived its right to assert the argument in the instant motion for reconsideration, following the Court's ruling on the counter-motion for partial summary judgment. See id. ("The movant is not permitted to present new arguments following its loss at summary judgment.") (citation omitted).

Apart from Plaintiff's attempt to raise new legal arguments for the first time in the instant Motion for Reconsideration, the Court finds that the December 19, 2014 Order denying Plaintiff's counter-motion for partial summary

judgment did in fact address each of Plaintiff's claims.  In the December 19, 2014 Order, the Court held that Plaintiff was not entitled to summary judgment as to liability because the evidence before the Court at this early stage of the case did not establish that Defendant's mistake in bidding on the property breached the standard of care owed to Plaintiff.  (Doc. 35 at 10.)  The scant argument articulated in Plaintiff's counter-motion for partial summary judgment regarding its breach of contract and breach of fiduciary claims is based on Defendant's legal malpractice, i.e., Defendant's "fail[ure] to provide adequate legal services" and its "fail[ure] to provide competent representation."  (Doc. 15 at 21-22.)  Thus, Plaintiff's breach of contract and breach of fiduciary duty claims were entirely based upon Defendant's alleged legal malpractice, and this Court's ruling that Plaintiff has not met its burden for summary judgment on liability as to the standard of care element of the legal malpractice claim encompasses and applies to each of Plaintiff's claims for relief.  (See Doc. 15 at 20-22.)  Although the Court's Order states that Plaintiff has not met its burden for summary judgment on liability "for the legal malpractice claim," inasmuch as Plaintiffs breach of contract and breach of fiduciary claims were based on Defendant's alleged malpractice, Plaintiff is likewise unable to establish that it is entitled to summary judgment on its breach of contract and breach of fiduciary duty claims.

       In sum, absent the discovery of new material facts not previously

available, the occurrence of an intervening change in law, or proof of manifest error of law or fact, Plaintiff fails to establish that reconsideration of the Court's December 19, 2014 Order is warranted. Moreover, a motion for reconsideration is not the proper mechanism to raise new legal theories that could have been raised in Plaintiff's counter-motion for partial summary judgment. Therefore, the Court denies Plaintiff's renewed request for summary judgment on liability with respect to its breach of contract and breach of fiduciary duty claims.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion for Reconsideration (Doc. 38).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 23, 2015.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Indymac Venture, LLC v. Leu Okuda & Doi, Attorneys at Law, Civ. No. 14-00263 BMK, ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION.